UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NUMBER: _____ |
| v. | )<br>) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1. This action seeks to compel U.S. Citizenship and Immigration Services ("USCIS") to disclose records requested by Catholic Legal Immigration Network, Inc. ("CLINIC") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") regarding the procedures USCIS follows in adjudicating Special Immigrant Juvenile Status ("SIJS") petitions (Form I-360) and SIJS-based adjustment of status applications (Form I-485) (the "Request").

2. CLINIC provides training and technical assistance to nonprofit practitioners across the country to help them effectively represent noncitizens in immigration proceedings, including SIJS-eligible children.

3. The SIJS classification provides certain children who have been subject to state juvenile court proceedings related to parental abuse, neglect, abandonment, or a similar basis under state law the ability to seek lawful permanent residence in the United States.

4. In 2008, Congress enacted significant amendments to the SIJS provisions found in the Immigration and Nationality Act through the William Wilberforce Trafficking Victims

Protection Reauthorization Act, Public Law 110-457. In the fall of 2016, USCIS published provisions in its Policy Manual interpreting the SIJS statute. Around the same time, USCIS altered the process for SIJS adjudications by shifting from a field office-based system to a centralized system, under which SIJS petitions are adjudicated at the National Benefits Center in Lee's Summit, MO.

5. Recently, other changes in USCIS practice in adjudicating SIJS petitions have been reported. For example, data obtained by CLINIC under another FOIA request shows revocations of previously approved Form I-360 SIJS Petitions more than doubled from 2016 to 2017. In addition, Reuters reported that it received data pursuant to a FOIA request that showed that USCIS has recently increased demands for additional documents through "Requests for Evidence" and "Notices of Intent to Deny," which can slow down cases.[1] In addition, approvals for SIJS petitions dropped by nearly 60 percent in fiscal year 2018 compared to 2017, while denials increased more than 77 percent, according to federal data.[2]

6. Clarification on the current policies and practices followed by USCIS in its adjudication of SIJS petitions and SIJS-based adjustment applications would greatly assist the nonprofit immigration attorneys and representatives that CLINIC serves in providing effective representation to child clients.

7. CLINIC submitted its FOIA Request to USCIS on May 18, 2018. It has been nearly a year and USCIS has failed to produce records or information, and indeed has failed to

---

[1]  *See* https://www.reuters.com/article/us-usa-immigration-abuse-exclusive/exclusive-for-migrant-youths-claiming-abuse-u-s-protection-can-be-elusive-idUSKCN1QO1DS
[2]  *See* https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Data/Victims/I360_sij_performancedata_fy2019_qtr2.pdf

make any substantive response to the Request or respond to CLINIC's communications seeking information regarding the status of its Request.

8. USCIS has failed to provide a determination on CLINIC's FOIA Request within the time limits provided by FOIA. This lawsuit requests an order that declares that USCIS has violated FOIA by withholding documents responsive to Plaintiff's Request, orders the agency to immediately provide a determination on Plaintiff's FOIA request, and orders the agency to provide Plaintiff with the documents it has requested by a date certain.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

11. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B).

12. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because CLINIC's principal place of business is located in the District of Maryland.

## The Parties

13. Plaintiff Catholic Legal Immigration Network, Inc., is a tax-exempt, not-for-profit educational and charitable organization under Section 501(c)(3) of the Internal Revenue Code, with its principal place of business at 8757 Georgia Avenue, Suite 850, Silver Spring, Maryland. CLINIC's headquarters are located in Montgomery County, Maryland. CLINIC promotes the dignity and protects the rights of immigrants in partnership with a dedicated network of Catholic and community legal immigration programs. CLINIC is the largest nationwide network of

nonprofit immigration programs, with approximately 370 affiliated immigration programs in 49 states and the District of Columbia. The network includes faith-based institutions, farmworker programs, domestic violence shelters, ethnic community-focused organizations, libraries and other entities that serve immigrants.

14. Defendant USCIS is a component of the U.S. Department of Homeland Security. USCIS is an agency within the meaning of 5 U.S.C. § 552(f). USCIS adjudicates a wide range of applications for immigration benefits in the United States (including lawful permanent residence, asylum, and temporary worker status), as well as applications for U.S. citizenship. USCIS has exclusive jurisdiction to adjudicate Form I-360 SIJS Petitions and has jurisdiction to adjudicate Form I-485 unless the immigration court has jurisdiction in a given case. USCIS has possession and control over the records CLINIC seeks.

## CLINIC's FOIA Request

15. On May 18, 2018, CLINIC submitted a FOIA Request to USCIS.

16. The Request seeks USCIS records concerning the procedures followed in adjudicating SIJS petitions (Form I-360) and SIJS-based adjustment of status applications (Form I-485). Specifically, the Request seeks:

    a. A copy of the legal guidance issued by USCIS's Office of Chief Counsel in February 2018 regarding the agency's interpretation of the statutory reunification requirement for SIJS eligibility.

    b. A copy of all other USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions in cases where the state "juvenile" court predicate order (required in all SIJS cases) is issued after the child's 18th birthday.

<ul>
<li>c. A copy of any document pertaining to research or information about specific state laws that USCIS has created or provided to assist adjudicators handling SIJS petitions, including but not limited to research or information pertaining to juvenile court jurisdiction and authority, issued from December 2008 to the present.</li>
<li>d. A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions.</li>
<li>e. A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS-based adjustment of status applications (including regarding protocols for conducting interviews of SIJS petitioners or SIJS-based adjustment of status applicants).</li>
</ul>

A copy of the May 18, 2018 Request is attached as Exhibit A.

17. The Request also asked that USCIS waive all associated processing fees because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(iii). *See* Exhibit A.

18. In a letter dated May 22, 2018, USCIS confirmed receipt of the Request.

19. On May 22, 2018, the USCIS granted CLINIC's fee waiver request.

20. In its letter dated May 22, 2018, USCIS indicated that CLINIC's Request had been placed into "complex track (Track 2)."

21. In its letter dated May 22, 2018, USCIS indicated that it began searching for responsive records on May 21, 2018.

22. It has been nearly a year and USCIS has yet to produce any responsive records.

23. According to the USCIS "Check Status of FOIA Request" webpage, USCIS processed CLINIC's Request on January 25, 2019. To date, however, USCIS has not produced any documents or information in response to the Request.

24. Having received no substantive response to its Request, on March 6, 2019, CLINIC inquired as to the status of the Request via e-mail. USCIS has not responded or otherwise provided any further update as to the status of CLINIC's May 18, 2018, Request.

25. USCIS has failed to produce records or information, and indeed has failed to make any substantive response to CLINIC's May 18, 2018, Request.

26. While USCIS has indicated that it is "processing" CLINIC's Request and that it will "be providing your records on a Compact Disc (CD)," USCIS has not specified what documents it will produce or what, if any, exemptions apply to the Request.

27. USCIS has wrongfully failed to release responsive records to CLINIC.

28. Because USCIS has failed to make a determination within the applicable 20-day or 30-day statutory period set forth in 5 U.S.C. § 552(a)(6)(i), any administrative remedies are deemed exhausted.

### FIRST CAUSE OF ACTION
### Violation of Freedom of Information Act
### for Failure to Respond and Conduct an Adequate Search for Responsive Records

29. Plaintiff repeats, alleges and incorporates the allegations in paragraphs 1 - 28 as if fully set forth herein.

30. Defendant violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to the FOIA requests submitted by Plaintiff.

31. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA Request.

32. Defendant violated 5 U.S.C. § 552(a)(3) by failing to reasonably search for and then produce records sought in the FOIA requests submitted by Plaintiff.

33. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

34. Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

**SECOND CAUSE OF ACTION**
**Violation of Freedom of Information Act for**
**Failure to Disclose Responsive Records**

35. Plaintiff repeats, alleges and incorporates the allegations in paragraphs 1 – 28 as if fully set forth herein.

36. Defendant is obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA Request. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

37. Defendant's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in its favor against Defendant, and that the Court:

(a) Declare that Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's Request and failure to disclose promptly responsive records violates FOIA;

(b) Order Defendant and any of Defendant's departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendant to conduct a reasonable search for records responsive to Plaintiff's Request;

(c) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's Request and a Vaughn index of any responsive records withheld under claim of exemption;

(d) Enjoin Defendant and any of Defendant's departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of Defendant from withholding records responsive to Plaintiff's Request and order them to promptly produce the same;

(e) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f) Grant all other such relief to Plaintiff as the Court deems just and equitable.

Dated: May 22, 2019

Respectfully submitted,

OF COUNSEL:

Michelle S. Grant
DORSEY & WHITNEY LLP
50 S. Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-5671
grant.michelle@dorsey.com

/s/ Creighton R. Magid
Creighton R. Magid #15488
DORSEY & WHITNEY LLP
1401 New York Avenue, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
Fax: (202) 442-3199
magid.chip@dorsey.com

*Attorneys for Plaintiff Catholic Legal Immigration Network, Inc.*