**<u>Exhibit 1</u>**
**(Eggleston Declaration)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, | |
| *Plaintiff,* | |
| v. | Case No. 8:19-cv-0151 |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| *Defendant.* | |

## <u>DECLARATION OF JILL A. EGGLESTON</u>

I, JILL A. EGGLESTON, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1.  I am the Associate Center Director in the Freedom of Information and Privacy Act (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security (DHS), in Lee's Summit, Missouri. I have held the position of Associate Center Director since February 4, 2008. I am also an attorney, licensed to practice law by the State of Kansas in 1983. Prior to joining DHS, I served for 19 ½ years as Associate General Counsel for the Defense Finance and Accounting Service (DFAS) of the U.S. Department of Defense (DoD). As part of my duties with the DFAS, among other things, I provided legal advice to the agency on the release of information sought under the FOIA and PA.

2.  As FOIA Officer for USCIS, I supervise over 200 information access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations and compulsory legal process.

3.  Through the exercise of my official duties as Associate Center Director, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records. More specifically, I am familiar with USCIS's procedures and actions taken in response to the FOIA request at issue.

1

4. This declaration is submitted in support of USCIS's Motion for Summary Judgment in this matter. This declaration describes, generally, agency procedures for processing FOIA requests for access to agency records and, more specifically, agency action taken in response to the FOIA request made by the Catholic Legal Immigration Network, Inc. The statements contained in this declaration are based on my personal knowledge, my review of relevant documents kept by USCIS in the course of ordinary business, and upon information provided to me by other USCIS employees in the course of my official duties.

## USCIS'S STANDARD FOIA OPERATING PROCEDURES

5. USCIS routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and Management Directive No. 0460.1. Specifically, when the agency receives a FOIA request for USCIS information or documents, the agency's standard procedure includes the following:

a) after determining the nature, scope, and contours of a valid FOIA request, a preliminary search is conducted to locate potentially responsive records;

b) because FOIA requests are generally processed by the NRC on a first-in/first-out basis, the request is logged in the approximate order of its receipt into a computerized case tracking and retrieval system which automatically assigns a control number and tracks the file created;

c) an acknowledgement letter is contemporaneously mailed to the requester, advising of the control number, processing fee arrangement, processing options, and contact information, and addressing any collateral requests made by requester;

d) during any abeyance in processing, periodic system inquiries are conducted to maintain updated information concerning the disposition of agency records that are subject to the pending FOIA request;

e) if relevant records are in the possession of an office or agency other than the responding office, a request for the production of the records is sent to the records' custodian(s) for that office or agency;

f) during the course of processing, the FOIA request and any responsive records are subjected to rigorous analyses to arrive at the proper final agency determination; and finally;

g) the NRC sends its response to the requester, granting or denying, in whole or in part, access to requested records, and advising of any additional rights

2

that may have vested in the requester by virtue of the final agency determination.

6. In recent years, USCIS has experienced a significant increase in the amount of FOIA requests received and processed by the agency. USCIS is only one of ninety-nine federal agencies subject to the FOIA, but it receives about one-fifth of the total requests received. During FY 2018, USCIS received 191,804 total requests, which represents approximately 20 percent of the total FOIA requests that were received government wide in FY18. See http://www.foia.gov.

7. Given the significant number of FOIA requests received by USCIS and in an effort to process FOIA requests in a manner designed to be fair and expeditious, USCIS has adopted a policy of processing such requests on a first-in/first-out basis. This process is further enhanced by the implementation of a regulation providing for expedited processing of requests under specific circumstances, and the adoption of a multi-track system of processing which not only allows the agency to process requests on a first-in/first-out basis within each track, but also permits the USCIS to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records. USCIS's first-in/first-out and multi-track processing is consistent with the requirements set forth in Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976) and Exner v. FBI, 612 F.2d 1202 (9th Cir. 1980).

8. The majority of the FOIA/PA requests that USCIS receives seek immigration records located in an individual's Alien File (A-file). USCIS also receives a significant volume of requests seeking non A-file records, such as USCIS policy documents.

9. The NRC's Significant Interest Group ("SIG") team handles all FOIA/PA requests for non-alien file records on behalf of the agency. Upon receipt of such a request, a SIG team member reviews the request and determines its precise nature and scope, and any and all agency offices that may have potentially responsive records.

10. In order to accurately identify all offices that may have responsive records, the assigned SIG team member will consult a variety of sources reflecting organizational and operational information about the agency, including a "USCIS Functional Profiles" document. This "USCIS Functional Profiles" document provides a detailed overview of the agency and its organizational and operational structure, including detailed descriptions of the different program offices and Directorates within USCIS and the specific missions and work of each office and Directorate.

3

11. After a member of the SIG team has identified any and all agency offices that may have potentially responsive records, he or she then forwards the request to those offices for a search and response. In addition to searching its own records, those offices are generally asked to identify any other agency offices that it believes could have potentially responsive records. The objective of this process is to devise and conduct a search that is reasonably calculated to uncover all potentially relevant and responsive records.

## USCIS'S SEARCH FOR RECORDS AND PROCESSING OF PLAINTIFF'S FOIA REQUEST

12. Plaintiff made a FOIA request to USCIS dated May 18, 2018, concerning procedures followed in adjudicating Special Immigration Juvenile Status ("SIJS") petitions and SIJS-based adjustment of status applications. Specifically, Plaintiff sought:

1. A copy of the legal guidance issued by USCIS' Office of Chief Counsel in February 2018 regarding the agency's interpretation of the statutory reunification requirement for SIJS eligibility;

2. A copy of all other USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions in cases where the state "juvenile" court predicate order (required in all SIJS cases" is issued after the child's 18th birthday);

3. A copy of any document pertaining to research or information about specific state laws that USCIS has created or provided to assist adjudicators handling SIJS petitions, including but not limited to research or information pertaining to juvenile court jurisdiction and authority, issued from December 2008 to the present;

4. A copy of all USCIS guidance, polices, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions; and

5. A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS-based adjustment of status applications (including regarding protocols for conducting interviews of SIJS petitioners or SIJS-based adjustment of status applicants).

See Exhibit A.

4

The search for material responsive to these requests and processing of the material responsive to these requests are described in paragraphs 13-38.

13. By letter dated May 22, 2018, USCIS confirmed receipt of Plaintiff's request and granted a fee waiver. Plaintiff also indicated that the request had been placed into the "complex track ("Track 2")." Finally, USCIS informed Plaintiff that a search for responsive records had begun on May 21, 2018. See Exhibit B.

14. In response to Plaintiff's requests, USCIS/NRC personnel determined that based on the information being sought, any records in USCIS's control that were responsive to the request and subject to the FOIA would most likely be maintained by the following USCIS offices:
    a. The Office of Chief Counsel ("OCC"): OCC is responsible for providing legal advice to senior leadership within USCIS on all aspects of immigration law, including issues related to SIJS. Given the mission and nature of OCC's work, the USCIS FOIA office felt that OCC might have documents responsive to the request;
    b. The Office of Policy and Strategy ("OP&S"). OP&S is the principal policy advisor for the Director and USCIS, and also performs research and analysis on immigration issues and program evaluations. In addition, OP&S leads and moderates the Senior Policy council, manages the USCIS Policy Manual, coordinates USCIS strategic goals and objectives, and oversees the regulatory development process to ensure compliance with the policy goals of USCIS, DHS and the Administration.
    c. The Field Operations Directorate ("FOD"). FOD oversees and manages the day-to-day operations of the Western Region Office, Central Region Office, Northeast Region Office, Southeast Region Office, the National Benefits Center, the Immigrant Investor Program Office, 24, District Offices and 88 Field Offices located throughout the continental U.S., Alaska, Hawaii, Puerto Rico, Guam, Saipan, and the U.S. Virgin Islands.

USCIS/NRC personnel determined that no other USCIS Office was likely to produce responsive documents.

15. After receipt of the request, the SIG team forwarded the request to each of these three offices, and requested that staff in those offices conduct a search of their records for any responsive documents.

16. After receiving records from the assigned offices, the SIG team reviewed all documents to determine whether the search was reasonably calculated to locate

records responsive to Plaintiff's FOIA request. Based upon the SIG team's review of the Plaintiff's FOIA request and its particular subject matter, along with the responsive records received, the agency determined that it had identified all of the appropriate Directorates and program offices within USCIS, and each office had received all of the information needed to perform a search that was reasonably calculated to locate any records responsive to this request. Additionally, after reviewing the responses from each office, the USCIS FOIA office determined that it believed staff within the offices searched all files that were reasonably likely to contain records responsive to the Plaintiff's FOIA request. Based on the SIG team's review of this information, it determined that the search was adequate, and that it was unlikely that any of the other USCIS Directorates or program offices would have records responsive to this request.

17. USCIS signed its Final Action Letter and attempted to make its production of responsive records on January 25, 2019. However, due to an internal issue with Defendant's FOIA processing system, the documents did not get delivered to the Plaintiff.

18. Plaintiff filed this action in the District of Maryland on May 22, 2019, challenging USCIS's failure to provide information in response to Plaintiff's FOIA request within the statutory timeframe required by the FOIA. See Plaintiff's Complaint (ECF No. 1).

19. On June 18, 2019, USCIS transmitted via UPS the January 25, 2019 release letter and responsive documents. USCIS informed Plaintiff that it had identified 1409 pages responsive to Plaintiff's request, and that 824 pages were released in full, 453 pages were released in part and 132 pages were withheld in full. Plaintiff was advised that the withheld material was exempted from disclosure pursuant to 5 U.S.C. §552(b)(5) and (6) of the FOIA. See Exhibit C.

20. After the June 18, 2019 release, Defendant learned that certain of the withheld material had been released in non-FOIA federal litigation. As such, USCIS decided to reprocess the material consistent with these releases.

21. By letter dated September 23, 2019, transmitted via UPS, USCIS informed Plaintiff that it had identified 1658 pages responsive to Plaintiff's request, and that 1421 pages were released in full, 182 pages were released in part, and 55 pages were withheld in full. Plaintiff was advised that certain material was withheld pursuant to 5 U.S.C. §552(b)(5), (6) and (7)(E) of the FOIA. A copy of the released documents was included with the letter. See Exhibit D.

22. Duplicate pages, which were previously omitted from the initial release, were included in the reprocessed material.  As a result, the number of responsive pages increased by 260.

23. Following the September 23, 2019 release, Plaintiff's counsel raised certain issues concerning Defendant's search for specific documents.  USCIS FOD conducted additional searches which located responsive material that was released by letter dated November 26, 2019.  An additional 378 pages, of which 364 pages were released in full and 14 pages were released in part with certain information redacted pursuant to 5 U.S.C. §552(b)(6) were released to Plaintiff via email through the Assistant United States Attorney Alan Lazerow.

24. In preparation of this declaration, Defendant again reviewed its search for responsive records.  In consultation with USCIS FOD additional documents were located and 34 pages will be released in full.  2 additional pages that were originally withheld in full will also be released in full.

## DESCRIPTION OF FREEDOM OF INFORMATION ACT EXEMPTIONS

25. In responding to the FOIA request, USCIS FOIA withheld certain information pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), and (b)(7)(E).  Plaintiff has informed Defendant that it is not contesting the use of Exemption 6, and it is not addressed further in this declaration.  Exemptions 5 and 7(E) are described below.

### Exemption 5

26. Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." See 5 U.S.C. § 552(b)(5).  In the records responsive to Plaintiff's request, USCIS withheld certain information pursuant to the deliberative process, the attorney-work product, and attorney-client privileges of Exemption 5.

27. The deliberative process privilege was invoked to protect USCIS's decision making processes.  The privilege was applied to documents reflecting recommendations and deliberations comprising part of various processes by which USCIS decisions and policies pertaining to SIJS were formulated. Records were found to be pre-decisional following a review and determination that they preceded an agency decision and were prepared in order to assist DHS in arriving at its decision.  Records were also found to be deliberative following

a review and determination that they comprised a part of the process by which DHS decisions are made.

28. Each deliberative process is described in greater detail in the attached <u>Vaughn</u> index attached as Exhibit E.  Only pre-decisional and deliberative material was withheld and all other information was segregated and released.  Further, none of the withheld material was created 25 years or more before the date on which the records were requested.

29. The attorney-work product privilege was invoked to protect materials prepared by or for an attorney in preparation for litigation.  The privilege was applied to documents concerning ongoing or potential litigation concerning SIJS matters. Each instance in which the attorney-work product privilege was invoked is described in greater detail in the attached <u>Vaughn</u> index attached as Exhibit E.

30. Even though documents in which the attorney-work product privilege is applied may be withheld in full pursuant to the FOIA, USCIS segregated and made a discretionary release of all non-attorney work product on many of the pages in which the attorney-work product privilege was invoked.

31. The attorney-client privilege was invoked to protect confidential information shared between an attorney and his or her client relating to the legal matter on which the client seeks advice.  In this instance, the privilege was invoked to protect certain emails and other documents to and from agency counsel and clients, including agency policy makers, agency decision makers, and agency employees implementing SIJS policy.  In many cases it included the information divulged to the attorney by the client seeking legal advice and communication between agency counsel about the confidential information concerning SIJS matters provided by the client.  Each instance in which the attorney-client privilege was invoked is described in greater detail in the attached <u>Vaughn</u> index attached as Exhibit E.

32. Even though documents in which the attorney-client privilege is applied may be withheld in full pursuant to the FOIA, USCIS segregated and made a discretionary release of all non-attorney-client privilege material on many of the pages in which the attorney work product privilege was invoked.

<u>Exemption 7</u>

33. Exemption 7 establishes a threshold requirement, which must be met in order for certain information in the records subject to this litigation to be withheld on the basis of subpart (b)(7)(E).  Specifically, the redactions at issue must be contained within a record compiled for a law enforcement purpose.

34. The information for which FOIA Exemption (b)(7) has been asserted in the instant matter satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act ("INA"), codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. See 8 U.S.C. § 1103. USCIS has responsibility to enforce federal immigration law pursuant to the INA through its adjudications of applications and petitions submitted to USCIS by individuals seeking immigration benefits from the United States government. Thus, these records were compiled for law enforcement purposes.

<u>Exemption 7(E)</u>

35. Exemption 7(E) protects law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. See 5 U.S.C. § 552(b)(7)(E).

36. Exemption (b)(7)(E) was applied to withhold a portion of these pages which discuss sensitive law enforcement techniques and methods in evaluating fraud in SIJS cases. This information reveals the types of items looked at in evaluating fraud indicators, which are procedures and methods involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal methods and techniques for the enforcement of immigration and national security laws and directives, and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). This invocation of Exemption 7(E) is described in greater detail in the attached <u>Vaughn</u> index attached as Exhibit E.

**FORESEEABLE HARM**

37. When reviewing the redactions applied, the USCIS FOIA office conducted a foreseeable harm analysis on the withheld information. The FOIA Office consulted with appropriate program offices and considered whether any information could be segregated and released without causing a foreseeable harm to the agency and its operations. Based on this review of the processed records, the agency determined that no further segregation of meaningful information in the withheld documents described herein would be possible

without disclosing information that warrants protection under the law. The foreseeable harm in the release of information is articulated in each instance where it is appropriate in the <u>Vaughn</u> Index attached as Exhibit E. Thus, the only information withheld from the Plaintiff is information that is entitled to protection from disclosure that could cause a foreseeable harm to any agency operations if released.

38. With regard to the information that was withheld from the agency's response (that is contested by Plaintiff), attached to this declaration is an index identifying and describing each document in which information was withheld, specifying the particular exemption under which the information was withheld, and explaining how the exemption applies to the information that was withheld. Information regarding how non-exempt information was segregated from exempt information is included in the index. <u>See</u> <u>Vaughn</u> Index, Exhibit E. I am familiar with the records described in the <u>Vaughn</u> index. It accurately describes those records, and explains USCIS' proper assertion of the appropriate FOIA exemptions, including the foreseeable harm that would occur in each instance in which the USCIS would have discretion in the release of the information (i.e. material protected pursuant to the deliberative process privilege).

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Lee's Summit, Missouri, on this 27th day of January 2020.

*Jill A. Eggleston*

JILL A. EGGLESTON
Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center

10

**Exhibit A**
**(FOIA Request)**

**CATHOLIC LEGAL IMMIGRATION NETWORK, INC.**

NATIONAL OFFICE

8757 Georgia Avenue • Suite 850 • Silver Spring, MD 20910• Tel: 301.565.4800• Fax: 301.565.4824 • Website: www.cliniclegal.or

May 18, 2018

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010

*Via e-mail to*: uscis.foia@uscis.dhs.gov

**Re: Request under the Freedom of Information Act (FOIA) for records regarding Special Immigrant Juvenile Status policy guidance**

Dear FOIA Officer:

The Catholic Legal Immigration Network, Inc. (CLINIC) submits this letter to request information under the Freedom of Information Act (FOIA), 5 USC § 552, *et seq*. CLINIC also asks that any fees associated with this request be waived.

## I.    Background on This Information Request

CLINIC requests U.S. Citizenship and Immigration Services' (USCIS) records[1] concerning the procedures followed in adjudicating Special Immigrant Juvenile Status (SIJS) petitions (Form I-360) and SIJS-based adjustment of status applications (Form I-485).

In 2008, Congress enacted significant amendments to the SIJS provisions found in the Immigration and Nationality Act through the William Wilberforce Trafficking Victims Protection Reauthorization Act, Pub. L. No. 110-457, 122 Stat. 5044 (Dec. 23, 2008). In the fall of 2016 USCIS published Policy Manual provisions interpreting the SIJS statute.[2] Around the same time, USCIS altered the process for SIJS adjudications by shifting from a field office-based system to a centralized system, under which SIJS petitions are now adjudicated at the National Benefits Center.

Recently, other changes in USCIS adjudications practices have been reported. For example, on April 18, 2018 the New York Times reported a "policy reversal by the Trump administration" by which applicants who obtained a New York guardianship order after they had reached the age of 18 were no longer viewed as eligible for SIJS protections. The article indicated that some youth

---

[1] The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audiotapes, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials, and studies.
[2] The relevant portions of the USCIS Policy Manual are found at Volume 6, Part J and Volume 7, Part F, Chapter 7.

1

# CATHOLIC LEGAL IMMIGRATION NETWORK, INC.

**NATIONAL OFFICE**

8757 Georgia Avenue • Suite 850 • Silver Spring, MD 20910• Tel: 301.565.4800• Fax: 301.565.4824 • Website: www.cliniclegal.o

had received notices that their previously approved SIJS petitions would be revoked. In another article from April 2018, Politico Pro reported a statement from USCIS spokesperson Jonathan Withington, who reportedly stated that in February 2018, USCIS's Office of Chief Counsel provided legal guidance on the statutory SIJS requirement (found at 8 USC § 1101(a)(27)(J)(i)) that the SIJS petitioner's reunification with one or both parents is not viable due to abuse, neglect, abandonment, or a similar state law basis, apparently as it related to state court orders issued after a child's 18th birthday, and that in light of that guidance, the National Benefits Center began reviewing a number of pending cases and issuing denials and notices of intent to deny.

This February guidance has not been made publicly available. Clarification on the current policies and practices followed by USCIS in its adjudication of SIJS petitions and SIJS-based adjustment applications would greatly assist the nonprofit immigration attorneys and representatives that CLINIC serves in providing effective representation to child clients. CLINIC's network includes approximately 1,200 attorneys and accredited representatives and assists some 600,000 clients, parishioners, and community members with immigration matters annually.

## II.    Request for Information

We request any and all records in the custody or control of USCIS, which refer or relate to the categories listed below.

CLINIC seeks the following information:

1. A copy of the legal guidance issued by USCIS' Office of Chief Counsel in February 2018 (referenced above) regarding the agency's interpretation of the statutory reunification requirement[3] for SIJS eligibility
2. A copy of all other USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions in cases where the state "juvenile" court predicate order (required in all SIJS cases) is issued after the child's 18th birthday
3. A copy of any document pertaining to research or information about specific state laws that USCIS has created or provided to assist adjudicators handling SIJS petitions, including but not limited to research or information pertaining to juvenile court jurisdiction and authority, issued from December 2008 to the present

---

[3] This refers to the requirement found at 8 USC § 1101(a)(27)(J)(i) that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law."

2

CATHOLIC LEGAL
IMMIGRATION
NETWORK, INC.

NATIONAL OFFICE

8757 Georgia Avenue • Suite 850 • Silver Spring, MD 20910• Tel: 301.565.4800• Fax: 301.565.4824 • Website: www.cliniclegal.o[...]

4. A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions

5. A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS-based adjustment of status applications (including regarding protocols for conducting interviews of SIJS petitioners or SIJS-based adjustment of status applicants)

**Note that CLINIC does not seek any personally identifiable information about any third party including any petitioner or applicant. If responsive records contain personally identifiable information, please redact such information and produce such redacted records in response to this request.**

**If USCIS has this information in electronic/computerized format, please provide it in that format, preferably in a publicly accessible format such as Microsoft Word or Adobe Acrobat.**

III.    **Fee Waiver Request**

CLINIC asks that all fees associated with this FOIA request be waived, because disclosure of the requested information will contribute significantly to public understanding of the governmental activities identified above and because the disclosure is not in CLINIC's commercial interest. 5 USC § 552(a)(4)(A)(iii); *see also* 6 CFR § 5.11(k) (records may be furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of the requester).

A.    **Disclosure of the Information Is in the Public Interest**

Disclosure of the requested information will contribute significantly to public understanding of government operations and activities related to adjudication of SIJS petitions and SIJS-based adjustment of status applications filed by abused, neglected, and/or abandoned children. CLINIC has the capacity and intent to disseminate widely the requested information to the public. CLINIC provides technical support to the members of its network on a broad range of immigration law topics. The network includes approximately 1,200 attorneys and accredited representatives and assists some 600,000 clients, parishioners, and community members with immigration matters annually. CLINIC publishes books, produces a monthly newsletter, and provides in-person training, online courses, and webinars on a variety of immigration law issues including those affecting SIJS-eligible children. In addition, CLINIC's materials are disseminated to the public through its website, www.cliniclegal.org, which for the past couple of months has received approximately 100,000 unique views per month.

3

**CATHOLIC LEGAL IMMIGRATION NETWORK, INC.**

NATIONAL OFFICE

8757 Georgia Avenue • Suite 850 • Silver Spring, MD 20910• Tel: 301.565.4800• Fax: 301.565.4824 • Website: www.cliniclegal.o

Information obtained through this FOIA request will contribute to CLINIC's public education materials on the immigration system, and will assist CLINIC in providing technical assistance to nonprofit legal services providers and pro bono attorneys who represent children seeking SIJS protections. Finally, CLINIC has regular contact with national print and news media and may share information gleaned from FOIA disclosures with interested media.

### B. Disclosure of the Information Is Not in CLINIC's Commercial Interest

CLINIC is a not-for-profit organization. CLINIC seeks the requested information for the purpose of educating the public through our website, and not for the purpose of commercial gain. CLINIC will also use the information obtained to inform our organization's technical assistance and training programs, which provide free consultation and resources to immigrants and their attorneys across the United States.

Thank you for your prompt attention to this request. Please reply to this request within 20 working days, as required by statute. 5 USC § 552(a)(6)(A)(i).

If portions of the requested materials are claimed to be exempt, please indicate the specific bases for the alleged exemptions, the number of pages of withheld records, and the dates of the records withheld, and provide the remaining non-exempt portions. 5 USC § 552(b).

If you have any questions, please do not hesitate to contact us by telephone or email.

Sincerely,

Michelle N. Mendez
Training and Legal Support Senior Attorney
Defending Vulnerable Populations Project Manager

Catholic Legal Immigration Network, Inc. (CLINIC)
8757 Georgia Avenue, Suite 850
Silver Spring, MD 20910
Cellular Phone: (540) 907-1761
Email: mmendez@cliniclegal.org

4

**Exhibit B**
**(May 22, 2018 Letter)**

U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

May 22, 2018

**COW2018000622**

Michelle N. Mendez
Catholic Legal Immigration Network, Inc.
8757 Georgia Ave, Suite 850
Silver Springs, MD 20910

Dear Michelle N. Mendez:

We received your request for information relating to procedures for adjudicating SIJS petitions (I-360) and SIJS adjustments (I-485) on May 21, 2018.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: COW2018000622. Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2).

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.4(a)), USCIS uses a "cut-off" date to delineate the scope of a FOIA request by treating records created after that date as not responsive to that request. Therefore, in determining which records are responsive to your request, we will only include records in the possession of this agency as of May 21, 2018, the date we began the search for records.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.

Your fee waiver has been granted.

The statutory time limits for processing your request cannot be met because of unusual circumstances, and it will be necessary to extend the time limits for processing beyond the ten working days due to the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request. In the interim if you have questions about the status of your request, you may contact Dawn Horn by e-mail Dawn.d.horn@uscis.dhs.gov.

This office will be providing your records on a Compact Disc (CD) for use on your personal computer. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. To request your responsive records on paper, please include your control number and write to the above address Attention: FOIA/PA Officer, or fax them to (816) 350-5785.

www.uscis.gov

COW2018000622
Page 2

You may check the status of your FOIA request online, at www.uscis.gov.  Click on "FOIA Request Status Check" located on the left side of the web page under "Other Services", and follow the instructions.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785.  You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

**<u>Exhibit C</u>**
**(January 25, 2019 Letter)**

U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010



**U.S. Citizenship
and Immigration
Services**

January 25, 2019

**COW2018000622**

Michelle N. Mendez
Catholic Legal Immigration Network, Inc
8757 Georgia Ave, Suite 850
Silver Springs, MD  20910

Dear Michelle N. Mendez:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office May 22, 2018 regarding procedures for adjudicating SIJS petitions (I-360) and SIJS adjustments (I-485).

We have completed the review of all documents and have identified 1409 pages that are responsive to your request.  Enclosed are 824 pages released in their entirety and 453 pages released in part.  We are withholding 132 pages in full.  In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information.  We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5) and (b)(6) of the FOIA.

Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency.  The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

As a result of discussion between agency personnel and a member of our staff, as a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information.  We will identify discretionary releases within the record.  These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

COW2018000622
Page 2

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Jill Eggleston, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010

Telephone: 1-800-375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD  20740-6001

Telephone: 202-741-5770
877-684-6448
Email: OGIS@NARA.GOV
Website: OGIS.ARCHIVES.GOV

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

COW2018000622
Page 3

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, emailed to USCIS.FOIA@uscis.dhs.gov, or sent by fax to (816) 350-5785.  You may also submit FOIA/PA related questions to our email address at FOIAPAQuestions@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)

**Exhibit D**
**(September 23, 2019 Letter)**



**U.S. Department of Homeland Security**
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

September 23, 2019                                    **COW2018000622**

Michelle N. Mendez
CLINIC
8757 Georgia Ave., Ste. 850
Silver Spring, MD  20910

      Re:    Catholic Legal Immigration Network, Inc. *v.* USCIS, No. 8:19-cv-01511-GLS (D. Md)

Dear Michelle N. Mendez:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office May 18, 2018 regarding Special Immigrant Juvenile Status.  You specifically requested the following:

> We request any and all records in the custody or control of USCIS, which refer or relate to the categories listed below. ·

> CLINIC seeks the following information:

>     1.    A copy of the legal guidance issued by USCIS' Office of Chief Counsel in February 2018 (referenced above) regarding the agency's interpretation of the statutory reunification requirement for SIJS eligibility

>     2.    A copy of all other USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS petitions in cases where the state "juvenile" court predicate order (required in all SIJS cases) is issued after the child's 18th birthday

>     3.    A copy of any document pertaining to research or information about specific state laws that USCIS has created or provided to assist adjudicators handling SIJS petitions, including but not limited to research or information pertaining to juvenile court jurisdiction and authority, issued from December 2008 to the present

>     4.    A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 1008 to the present regarding the adjudication of SIJS petitions

>     5.    A copy of all USCIS guidance, policies, memoranda, training materials, or other directives (including via e-mail correspondence) issued from December 2008 to the present regarding the adjudication of SIJS-based adjustment of status applications (including regarding protocols for conducting interviews of SIJS petitioners or SIJS based adjustment of status applicants)

Page 2

We have completed the re-review of all documents and have identified 1658 pages that are responsive to your request. Enclosed are 1421 pages released in their entirety, and 182 pages released in part. We are withholding 55 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), and (b)(7)(E) of the FOIA.

- ❑ Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

- ❑ Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

- ❑ Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.4(a)), USCIS uses a "cut-off" date to delineate the scope of a FOIA request by treating records created after that date as not responsive to that request. Therefore, in determining which records are responsive to your request, we included only records in the possession of this agency as of May 22, 2018, the date we began the search for records.

I note that this matter is in litigation. If you have any questions on any of the matters involved in this litigation, please contact Assistant U.S. Attorney Alan Lazerow at 410-209-4873 or Alan.Lazerow@usdoj.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

<u>**Exhibit E**</u>
(*Vaughn* **Index**)

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

<u>**CATHOLIC LEGAL IMMIGRATION NETWORK v. USCIS**</u>
**Case No.: 8-19-cv-01511 (D. MD)**

***VAUGHN* INDEX**

| PDF Number | Description of Document | Withholding full/partial | Exemption(s) Applied | Description of Withheld Information and Explanation(s) for Withholding |
|---|---|---|---|---|
| 1-19 | Slides | RIF | | |
| 20-30 | Special Immigrant Juvenile Status (SIJS) Regional Teleconference Questions and Responses | WIF | 5 | Exemption 5 was used to withhold draft SIJ Regional Teleconference Questions and Responses from 2009-2010 that was, when final, supposed to be used for assistance in adjudicating SIJ cases by Field Office Directorate ("FOD") personnel. The draft consists of recommendations seeking additional information from lower level FOD personnel on various questions that will then be vetted by the Office of Chief Counsel ("OCC") and Office of Policy and Strategy ("OPS") prior to the document being approved for use by FOD. This information was withheld pursuant to the deliberative process privilege as it was a pre-decisional draft. The foreseeable harm in releasing this information is that it would chill USCIS employees in making recommendations to update guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | overall process in updating policies and procedures. |
| 31 | SIJS Field Adjudication Flow Chart | RIF | | |
| 32-38 | Juvenile Court Dependents –draft 10/1/13 | RIF | | |
| 39-44 | Redlined Special Immigration Juvenile Regulations 1/13/16 | WIF | 5 | Exemption 5 was used to withhold a draft chart entitled Redlined SIJ Regulations adding changes from earlier regulations, court orders and settlement agreements to be used with SIJ trainings.  OPS was the ultimate office in charge of this chart and this draft was an early version updating the regulation changes and their implications.  This information was withheld pursuant to the deliberative process privilege as it was a pre-decisional draft that had not been approved by OPS for SIJ trainings.  The foreseeable harm in releasing this information is that it would chill USCIS employees in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. |
| 45-76 | Slides Spring 2011 | RIF | | |
| 77-79 | Poster | RIF | | |
| 80-114 | Slides Sep. 2016 | RIF | | |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*          VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| 115-116 | I-360 SIJ Checklist | RIF | | |
|---|---|---|---|---|
| 117-292 | Form I-360 Training 8/4/14 | RIF | | |
| 293-294 | CHAP – Part D | RIF | | |
| 295-296 | CHAP-Part D – Adjudicative Aid – Referral and/or Fraud Indicators | WIF | 7(E) | Exemption (b)(7)(E) was applied to withhold a portion of these pages which discuss sensitive law enforcement techniques and methods in evaluating fraud in Special Immigration Juvenile cases.  This information reveals the types of items looked at in evaluating fraud indicators, which are procedures and methods involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal methods and techniques for the enforcement of immigration and national security laws and directives, and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E).  All other information on these pages was segregated and released. |
| 297-316 | CHAP – Part D | RIF | | |
| 317-319 | NBC SIJ Training Handout | RIF | | |
| 320 | Slides 5/10/16 | RIF | | |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| 321 | Slides 5/10/16 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on draft slides discussing guidance regarding techniques to be used in interviewing children in SIJ cases.  The deliberative revisions were made by OPS personnel for the approval of FOD, whose personnel would receive the training.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating slides discussing guidance and would confuse the public by releasing non-final recommendations on such material. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. |
|-----|-----|-----|-----|-----|
| 322-329 | Slides 5/10/16 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on draft slides discussing guidance regarding techniques to be used in interviewing children in SIJ cases.  The deliberative revisions were made by OPS personnel for the approval of FOD, whose personnel would receive the training.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating slides discussing guidance and would confuse the public by releasing non-final |

| | | | | |
|---|---|---|---|---|
| | | | | recommendations on such material. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 330 | Slides 5/10/16 | RIF | | |
| 331-335 | Slides 5/10/16 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on draft slides discussing guidance regarding techniques to be used in interviewing children in SIJ cases.  The deliberative revisions were made by OPS personnel for the approval of FOD, whose personnel would receive the training.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating slides discussing guidance and would confuse the public by releasing non-final recommendations on such material. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 336 | Slides 5/10/16 | RIF | | |
| 337-342 | Slides 5/10/16 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns |

| | | | | |
|---|---|---|---|---|
| | | | | pre-decisional deliberations and edits on draft slides discussing guidance regarding techniques to be used in interviewing children in SIJ cases.  The deliberative revisions were made by OPS personnel for the approval of FOD, whose personnel would receive the training.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating slides discussing guidance and would confuse the public by releasing non-final recommendations on such material.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 343 | Slides 5/10/16 | RIF | | |
| 344-352 | Slides 5/10/16 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on draft slides discussing guidance regarding techniques to be used in interviewing children in SIJ cases.  The deliberative revisions were made by OPS personnel for the approval of FOD, whose personnel would receive the training.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating slides discussing guidance and would confuse the public by releasing non-final |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | recommendations on such material. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 353-361 | Fed. Register 9/6/11 | RIF | | |
| 362-366 | Policy Memo 3/24/09 | RIF | | |
| 367-373 | Policy Memo 6/24/15 | RIF | | |
| 374-375 | Pamphlet | RIF | | |
| 376-416 | Slides 7/1/16 | RIF | | |
| 417 | Slides 7/1/16 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| -420 | Slides 7/1/16 | RIF | | |
| 421-461 | Slides 9/29/16 | RIF | | |
| 462 | Slides 9/29/16 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 463-465 | Slides 9/29/16 | RIF | | |
| 466-554 | Slides 6/30/15 | RIF | | |
| 555-590 | Slides 9/16 | RIF | | |
| 591 | Slides 9/16 | RIP | 6 | Exemption 6 is not being challenged for this document. |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| 592-594 | Slides 9/16 | RIF | | |
| 595-629 | Slides 9/16 | RIF | | |
| 630 | Slides 9/16 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 631-633 | Slides 9/16 | RIF | | |
| 634 | SIJ Chart 1/7/16 | RIF | | |
| 635-639 | SIJ Training Supplemental Materials 2/27/14 | RIF | | |
| 640-654 | USCIS Policy Memo. Vol 7 – 5/23/18 | RIF | | |
| 655-660 | SIJ Handout 6/5/18 | RIF | | |
| 661-682 | USCIS Policy Memo. Vol. 6 5/23/18 | RIF | | |
| 683-687 | Policy Memo 4/4/11 | RIF | | |
| 688-696 | Email thread 3/27/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations regarding the creation of a FAQ.  Recommendations for the FAQ where sought by and provided to FOD which was the ultimate authority for the document.  The information also contains confidential |

| | | | | |
|---|---|---|---|---|
| | | | | information provided from FOD and OPS to the OCC for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 697 | Special Immigrant Juvenile – FAQ (draft) | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on the draft FAQ.  The FAQ was a document being created for training and was the ultimate responsibility of FOD and contained recommendations from FOD, OCC and OPS as discussed in the justification for 688-696. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 698-708 | Special Immigrant Juvenile – FAQ (draft) | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative |

| | | | | process privilege. This information concerns pre-decisional deliberations and edits on the draft FAQ.  The FAQ was a document being created for training and was the ultimate responsibility of FOD and contained recommendations from FOD, OCC and OPS as discussed in the justification for 688-696. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  There is no segregable information on these pages. |
|---|---|---|---|---|
| 709 | Email thread 5/8/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about the treatment of the SIJ policy in relation to a Congressional inquiry.  The ultimate decision on the treatment was made by OCC (and released); the deliberative communications were made to OCC by OPS.  The foreseeable harm in releasing this information is that it would chill the USCIS employees in making recommendations as to the treatment of its policies and would confuse the public by releasing non-final recommendations on such |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | policy treatment. Additionally, the release of non-final recommendations would harm the Agency's overall process in reaching these decisions in the future.  All other information on this pages was segregated and released. |
| 710-711 | Legal Guidance 2/18 | RIF | | |
| 712-723 | CHAP/Vol. 6 4/30/18 | RIF | | |
| 724-728 | Proposed CHAP changes | WIF | 5 | Exemption 5 was used to withhold a chart with proposed language for changes to the guidance on the policy manual on SIJ provisions.  This information was withheld pursuant to the deliberative process privilege as it was a pre-decisional draft with recommended language that had not been approved by OPS and/or USCIS management.  The foreseeable harm in releasing this information is that it would chill USCIS employees in making recommendations to update guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  There is no segregable information on these pages. |
| 729 | Email thread 12/6/17 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations concerning guidance about the definition of "Juvenile Court."  OPS |

| | | | | |
|---|---|---|---|---|
| | | | | was ultimately responsible for the guidance and the email sought OCC opinions on certain recommendations made to and by OPS. The information also contains confidential information provided from OPS to the OCC for the purpose of legal advice. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures, and would chill divisions from getting legal advice from OCC. All other information on this pages was segregated and released. |
| 730 | Email thread 12/6/17 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations concerning guidance about the definition of "Juvenile Court." OPS was ultimately responsible for the guidance and the email sought OCC opinions on certain recommendations made to and by OPS. The information also contains confidential information provided from OPS to the OCC for the purpose of legal advice. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures, and would chill divisions from getting legal advice from OCC.  No information on this pages is segregable. |
| 731 | Email thread 3/7/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about the creation of a FAQ by FOD and seeks comments on the deliberative material from OCC and OPS prior to FOD's ultimate approval.  The information also contains confidential information provided from the FOD to the OCC for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 732 | Email thread 3/30/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |

| 733 | Email thread 4/18/18 | RIP | 5,6 | | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant the attorney-client privilege. The information also contains confidential information provided from the OCC to the Field Office Directorate for the purpose of legal advice regarding child reunification. The foreseeable harm in releasing this information is that it would chill divisions of the USCIS in seeking guidance from OCC and would harm the Agency's overall process in getting proper legal guidance. All other information on this page was segregated and released. |
| 734 | Email thread 4/18/18 | RIF | | | |
| 735-736 | Email thread 4/10/18 | RIP | 5,6 | | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant the attorney-client privilege. The information also contains confidential information provided from the OCC to the Field Office Directorate for the purpose of legal advice regarding child reunification. The foreseeable harm in releasing this information is that it would chill divisions of the USCIS in seeking guidance from OCC and would harm the Agency's overall process in getting proper legal guidance. All other information on this page was segregated and released. |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| 737 | Email thread 4/26/18 | RIP | 6 | Exemption 6 is not being challenged for this document.<br>All other information on this page was segregated and released. |
|---|---|---|---|---|
| 738 | Email thread 4/26/18 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about the creation of a communication plan by FOD to be provided to Public Affairs concerning SIJs.  The deliberative material was sent by FOD employees to FOD management on its creation of the plan to communicate with the public on the SIJ issue.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations as to deciding how to clearly communicate policy decisions to its employees, and would confuse the public by releasing non-final recommendations on such policy.  Additionally, the release of non-final recommendations would harm the Agency's overall process in communicating future policies and procedures.  All other information on this page was segregated and released. |
| 739 | Email thread 4/26/18 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about the creation of a communication plan by FOD to be provided to Public Affairs concerning SIJs.  The deliberative material was sent by FOD employees to FOD management on its creation |

| | | | | |
|---|---|---|---|---|
| | | | | of the plan to communicate with the public on the SIJ issue.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations as to deciding how to clearly communicate policy decisions to its employees, and would confuse the public by releasing non-final recommendations on such policy.  Additionally, the release of non-final recommendations would harm the Agency's overall process in communicating future policies and procedures.  No information on this was segregable. |
| 740 | Email thread 4/26/18 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about the creation of a communication plan by FOD to be provided to Public Affairs concerning SIJs.  The deliberative material was sent by FOD employees to FOD management on its creation of the plan to communicate with the public on the SIJ issue.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations as to deciding how to clearly communicate policy decisions to its employees, and would confuse the public by releasing non-final recommendations on such policy.  Additionally, the release of non-final recommendations would harm the Agency's overall process in communicating future |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | policies and procedures. All other information on this page was segregated and released. |
|---|---|---|---|---|
| 741 | Email thread 4/26/18 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations about the creation of a communication plan by FOD to be provided to Public Affairs concerning SIJs. The deliberative material was sent by FOD employees to FOD management on its creation of the plan to communicate with the public on the SIJ issue. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations as to deciding how to clearly communicate policy decisions to its employees, and would confuse the public by releasing non-final recommendations on such policy. Additionally, the release of non-final recommendations would harm the Agency's overall process in communicating future policies and procedures. No information on this page was segregable. |
| 742 | Email thread 4/26/18 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations about the creation of a communication plan by FOD to be provided to Public Affairs concerning SIJs. The deliberative material was sent by FOD employees to FOD management on its creation of the plan to communicate with the public on the SIJ issue. The foreseeable harm in |

| | | | | |
|---|---|---|---|---|
| | | | | releasing this information is that it would chill the USCIS in making recommendations as to deciding how to clearly communicate policy decisions to its employees, and would confuse the public by releasing non-final recommendations on such policy. Additionally, the release of non-final recommendations would harm the Agency's overall process in communicating future policies and procedures.  All other information on this page was segregated and released. harm the Agency's overall process in communicating future policies and procedures. All other information on this page was segregated and released. |
| 743 | Email thread 4/26/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about the creation of a communication plan by FOD to be provided to Public Affairs concerning SIJs. The deliberative material was sent by FOD employees to FOD management on its creation of the plan to communicate with the public on the SIJ issue.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations as to deciding how to clearly communicate policy decisions to its employees, and would confuse the public by releasing non-final recommendations on such policy. |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*          VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | Additionally, the release of non-final recommendations would harm the Agency's overall process in communicating future policies and procedures.  All other information on this page was segregated and released. |
| 744-745 | Email thread 4/18/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege.  The information also contains confidential information provided from the OCC to Field Office Directorate for the purpose of legal advice regarding child reunification.  The foreseeable harm in releasing this information is that it would chill divisions of the USCIS in seeking guidance from OCC and would harm the Agency's overall process in getting proper legal guidance.  All other information on this page was segregated and released. |
| 746 | Email thread 4/18/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 747-749 | Attachment to Email | RIF | | |
| 750 | Email thread 2/26/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege.  The information contains confidential information provided from the OCC to Field Office Directorate for the purpose of legal advice regarding child reunification.  The foreseeable harm in |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*　　　　　　　VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
| 751 | Email thread 4/27/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about the creation of updated SIJ policy manual.  OPS and FOD were jointly in charge of creating the policy manual document and the email discusses recommendations toward its creation.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
| 752 | Email thread 4/27/18 | RIF | | |
| 753-754 | Email thread 5/10/18 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative |

| | | | | |
|---|---|---|---|---|
| | | | | process privilege.  This information concerns pre-decisional deliberations about updating the SIJ policy manual.  The policy manual document was being created by FOD and OPS and this email provided recommendations to be discussed in an upcoming meeting.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
| 755 | Chart (draft) | RIP | 5 | Exemption 5 was used to withhold a chart with proposed language for changes to the guidance on the policy manual on SIJ provisions.  This information was withheld pursuant to the deliberative process privilege as it was a pre-decisional draft with recommended language that had not been approved by OPS and/or USCIS management.  The foreseeable harm in releasing this information is that it would chill USCIS employees in making recommendations to update guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and |

| | | | | |
|---|---|---|---|---|
| | | | | procedures.  All other information on this pages was segregated and released.. |
| 756-758 | Chart (draft) | WIF | 5 | Exemption 5 was used to withhold a chart with proposed language for changes to the guidance on the policy manual on SIJ provisions.  This information was withheld pursuant to the deliberative process privilege as it was a pre-decisional draft with recommended language that had not been approved by OPS and/or USCIS management.  The foreseeable harm in releasing this information is that it would chill USCIS employees in making recommendations to update guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  There is no segregable information on these pages. |
| 759 | Chart (draft) | RIP | 5 | Exemption 5 was used to withhold a chart with proposed language for changes to the guidance on the policy manual on SIJ provisions.  This information was withheld pursuant to the deliberative process privilege as it was a pre-decisional draft with recommended language that had not been approved by OPS and/or USCIS management.  The foreseeable harm in releasing this information is that it would chill USCIS employees in making recommendations to update guidance and would confuse the public by releasing non-final recommendations on such guidance. |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*          VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
| 760 | 3rd Party Appeal Decision Letter 5/2/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 761-762 | 3rd Party Appeal Decision 5/2/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 763-768 | 3rd Party Appeal Decision 5/2/18 | RIF | | |
| 769-781 | 3rd Party State Court Information | WIF | 6 | Exemption 6 is not being challenged for this document. |
| 782 | 3rd Party Appeal Decision Letter 3/20/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 783 | 3rd Party Appeal Decision | RIF | | |
| 784-785 | 3rd Party Appeal Decision | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 786-790 | 3rd Party Appeal Decision | RIF | | |
| 791-793 | Email thread 5/11/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about the creation of the SIJ policy memo to be approved by OPS and FOD.  The email contains recommendations for the memo.  The information also contains confidential |

| | | | | information provided from the OCC to the Office of Policy and Strategy for the purpose of legal advice regarding child reunification. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
|---|---|---|---|---|
| 794 | Email thread 5/11/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about the creation of the SIJ policy memo to be approved by OPS and FOD.  The email contains recommendations for the memo.  The information also contains confidential information provided from the OCC to the Office of Policy and Strategy for the purpose of legal advice regarding child reunification. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non- |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*          VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this page was segregated and released. |
| 795 | Email thread 5/11/18 | RIF | | |
| 796 | CFR 9/17/18 | RIF | | |
| 797-806 | CHAP 2, Vol. 6 Policy manual 8/24/18 | RIF | | |
| 807-808 | Email thread 4/26/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations about the creation of policy guidance concerning SIJs. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this page was segregated and released. |
| 809 | Email thread 4/26/18 | RIF | | |
| 810 | Email thread 4/26/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 811-813 | Email thread 3/14/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |

| 814-815 | Email thread 3/20/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
|---------|---------------------|-----|---|--------------------------------------------------------|
| 816 | Email thread 3/27/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 817-819 | Email thread 3/27/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations about the creation of a FAQ. The FAQ was a document being created for training and was the ultimate responsibility of FOD and contained recommendations from FOD, OCC and OPS as discussed in the justification for 688-696. The information also contains confidential information provided from the FOD to the OCC for the purpose of legal advice. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 820 | Email thread 3/27/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 821-829 | Email thread 3/27/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. |

| | | | | |
|---|---|---|---|---|
| | | | | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about the creation of a FAQ.  The FAQ was a document being created for training and was the ultimate responsibility of FOD and contained recommendations from FOD, OCC and OPS as discussed in the justification for 688-696.  The information also contains confidential information provided from the FOD to the OCC for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 830-831 | Email thread 1/26/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 832 | Email thread 1/25/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about the creation of legal guidance regarding SIJ.  It contains a |

CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | recommendation from an OCC attorney on what is required; a recommendation which the OCC attorney's supervisors has the final decision on.  The information also contains confidential information provided to the FOD from the OCC for the purpose of legal advice regarding SIJ Guidance.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
|---|---|---|---|---|
| 833 | Email thread 3/23/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about the creation of a FAQ.  Recommendations for the FAQ where sought by and provided to FOD which was the ultimate authority for the document. The information also contains confidential information provided from the FOD to the OCC for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non- |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*  VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 834-835 | Marked up version of Guidance | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on the draft FAQ. Recommendations for the FAQ where sought by and provided to FOD which was the ultimate authority for the document. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. There is no segregable information on these pages. |
| 836-841 | News articles | RIF | | |
| 842-847 | CHAP 2 –Part D, vol. 6 | RIF | | |
| 848 | Email thread 3/21/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 849-850 | SIJ Working Group Meeting Minutes 3/13/18 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre- |

| | | | | |
|---|---|---|---|---|
| | | | | decisional deliberations concerning issues about the SIJ process, in which FOD and OPS have final decision-making authority. The information also contains confidential information between OCC and a number of agency components for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in decision making and providing guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures, and would chill divisions from getting legal advice from OCC. |
| 851 | Email thread 9/28/17 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations from OCC and FOD employees concerning guidance about the SIJ process in which FOD has the final authority on. The information also contains confidential information between OPS and the OCC for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in providing guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies |

| | | | | |
|---|---|---|---|---|
| | | | | and procedures, and would chill divisions from getting legal advice from OCC. All other information on this pages was segregated and released. |
| 852 | Email thread 9/28/17 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations concerning guidance about the SIJ process in which FOD has the final authority on. The information also contains confidential information between OPS and the OCC for the purpose of legal advice. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in providing guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures, and would chill divisions from getting legal advice from OCC. All other information on this pages was segregated and released. |
| 853 | Email thread 3/22/18 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and recommendations concerning changes in the policy manual for the SIJ process from OPS to an FOD, the component with the final authority on the matter. The foreseeable harm |

| | | | | in releasing this information is that it would chill the USCIS in making recommendations in providing recommendations and would confuse the public by releasing non-final recommendations on such policy memorandums.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
|---|---|---|---|---|
| 854 | Email thread 3/22/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 855 | Notice | RIF | | |
| 856-861 | CHAP 2, Part D, Vol. 6 | RIF | | |
| 862-872 | SIJ-FAQ | RIF | | |
| 873-904 | 8 US Code §1101 | RIF | | |
| 905-914 | Eligibility Requirements-CHAP 2, Part J, Vol. 6 | RIF | | |
| 915-946 | 8 US Code §1101 | RIF | | |
| 947-948 | 8 CFR B-204 | RIF | | |
| 949-958 | Eligibility Requirements CHAP 2, Part J, Vol. 6 | RIF | | |
| 959-960 | CFR | RIF | | |
| 961-962 | CFR | RIF | | |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| 963-972 | CHAP 2, Part J, Vol. 6 | RIF | | |
|---------|------------------------|-----|---|---|
| 973-983 | SIJ-FAQ | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on the draft SIJ FAQ created by FOD.  The deliberative material are recommendations on the guidance prior to the adoption of the final FAQ.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 984-1015 | 8 US Code §1101 | RIF | | |
| 1016-1025 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1026-1057 | 8 US Code §1101 | RIF | | |
| 1058-1059 | CFR | RIF | | |
| 1060-1069 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1070-1071 | CFR | RIF | | |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| 1072-1073 | CFR | RIF | | |
|---|---|---|---|---|
| 1074-1083 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1084-1115 | 8 US Code §1101 | RIF | | |
| 1116-1125 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1126-1157 | 8 US Code §1101 | RIF | | |
| 1158-1159 | CFR | RIF | | |
| 1160-1169 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1170-1171 | CFR | RIF | | |
| 1172-1173 | CFR | RIF | | |
| 1174-1183 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1184 | SIJ FAQS | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations and edits on the draft SIJ FAQ created by FOD.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's |

| | | | | |
|---|---|---|---|---|
| | | | | overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1185-1195 | SIJ FAQS | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations and edits on the draft SIJ FAQ created by FOD.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures |
| 1196 | Email thread 4/17/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. 5 was used to withhold certain information pursuant to the attorney-client privilege.  The information contains confidential information provided from the FOD to the OCC for the purpose of legal advice on specific SIJ matters regarding child reunification.  The foreseeable harm in releasing this information is that it would chill the USCIS in seeking legal guidance and would confuse the public by releasing facts and legal conclusions about specific cases without additional details about the specific cases.  Additionally, the release of non-final recommendations would harm the Agency's overall process in seeking legal |

| | | | | |
|---|---|---|---|---|
| | | | | guidance. All other information on this pages was segregated and released. |
| 1197-1202 | CHAP, Part D, Vol. 6 | RIF | | |
| 1203-1204 | Email thread 4/24/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege.  The information contains confidential information provided from the OCC to Field Office Directorate for the purpose of legal advice regarding child reunification.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
| 1205 | Email thread 4/24/18 | RIF | | |
| 1206-1211 | CHAP, Part D, Vol. 6 | RIF | | |
| 1212 | Email thread, 4/24/15 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information from OPS concerns pre-decisional deliberations about specific SIJ training issues of FOD, who is |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | ultimately responsible for the actual training. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 1213 | Email thread 4/24/15 | RIF | | |
| 1214-1279 | Slides | RIF | | |
| 1280-1284 | Supplemental Material-2/27/14 | RIF | | |
| 1285 | Email thread 5/03/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document<br>Exemption 5 is not being challenged for this document.<br>All other information on this pages was segregated and released. |
| 1286-1287 | Legal Guidance | RIF | | |
| 1288 | Email thread 2/13/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 1289-1303 | Act 101(a)15P | RIF | | |
| 1304 | CFR | RIF | | |

| | | | | |
|---|---|---|---|---|
| 1305-1311 | INA-Act 203 | RIF | | |
| 1312-1318 | INA-Act 204 | RIF | | |
| 1319-1327 | INA-Act 245 | RIF | | |
| 1328-1334 | INA-Act 287 | RIF | | |
| 1335-1336 | CFR | RIF | | |
| 1337-1385 | Public Law 110-457 | RIF | | |
| 1386-1388 | CHAP 2, Part J, Vol. 6 | RIF | | |
| 1389-1391 | CHAP- Part D, Vol. 6 | RIF | | |
| 1392-1428 | Perez-Olano Settlement | RIF | | |
| 1429-1430 | Email thread 4/20/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant the attorney-client privilege.  The information also contains confidential information provided between the FOD and the OCC regarding SIJ issues for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill divisions of the USCIS in seeking guidance from OCC and would harm the Agency's overall process in getting proper legal guidance.  All other information on this page was segregated and released. |

| 1431-1436 | CHAP 2, Part D, Vol. 6 | RIF | | |
|---|---|---|---|---|
| 1437-1438 | NY Law | RIF | | |
| 1439-1440 | Email thread 4/20/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about specific SIJ issues regarding juvenile age.  The deliberative information concerns deliberations on the issue that FOD will ultimately decide after seeking further consultation with OPS and OCC.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1441-1443 | Email thread 4/21/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about specific SIJ issues regarding juvenile age.  The deliberative information concerns deliberations on the issue that FOD will ultimately decide after seeking |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | further consultation with OPS and OCC The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1444-1445 | Email thread 4/20/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege.  This information concerns pre-decisional deliberations about specific SIJ issues regarding juvenile age.  The deliberative information concerns deliberations on the issue that FOD will ultimately decide after seeking further consultation with OPS and OCC.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1446 | Email thread 2/23/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| 1447 | Email thread 2/23/18 | RIF | | |
| 1448-1449 | Email thread 2/13/18 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 1450-1451 | Trainer's Agenda for NBC on SIJ (draft) | WIF | 5 | Exemption 5 is not being challenged for this document. |
| 1452 | Participants agenda | RIF | | |
| 1453-1497 | Slides 7/11/16 | RIF | | |
| 1498-1501 | New Form Template | RIF | | |
| 1502 | Form I-360 Appeal Petition | RIF | | |
| 1503-1504 | Form I-360 Appeal Petition | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 1505 | Form I-360 Appeal Petition | RIF | | |
| 1506-1510 | Petitioner Letter 6/25/15 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 1511 | Petition Decision 9/2/15 | RIF | | |
| 1512-1513 | Petition Decision 9/2/15 | RIP | 6 | Exemption 6 is not being challenged for this document. |
| 1514 | Petition Decision 9/2/15 | RIF | | |
| 1515-1557 | Slides 9/29/16 | RIF | | |
| 1558-1576 | Blank Form I-360 | RIF | | |

| 1577-1578 | Email thread 4/21/18 | RIP | 5,6 | | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege. This information concerns pre-decisional deliberations about specific SIJ issues regarding juvenile age. The deliberative material is from an FOD employee in the field to HQ. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 1579-1580 | Email thread 8/5/14 | RIP | 5,6 | | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege and attorney work product doctrine. The information contains confidential information provided to and from the OCC from its client (Field Office Directorate) for the purpose of legal advice regarding legal standards in adjudicating SIJ petitions. It also contains communications from an OCC attorney in anticipation of litigation matters before USCIS in SIJ cases. The foreseeable harm in releasing this information is that it would chill the USCIS OCC in making |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | providing guidance to its components and other OCC staff. Additionally, the release of communications on ongoing litigation matters would harm the Agency's overall process in matters it is involved in before various Courts. All other information on this pages was segregated and released. |
| 1581 | Email thread 5/10/17 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege. The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 1582 | Email thread 5/10/17 | RIP | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations about specific SIJ |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | adjudications which FOD will make the final decisions on following recommendations from FOD and OCC employees. The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 1583 | Email thread 5/10/17 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations about specific SIJ adjudications which FOD will make the final decisions on following recommendations from FOD and OCC employees. The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established. The foreseeable harm in releasing this information is that it would chill |

| | | | | |
|---|---|---|---|---|
| | | | | the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1584 | Email thread 5/10/17 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications which FOD will make the final decisions on following recommendations from FOD and OCC employees.  The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*　　　　　　VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | procedures.  No information can be segregated on this page. |
| 1585 | Email thread 5/10/17 | RIP | 5,6 | Exemption 6 is not being challenged for this document<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications which FOD will make the final decisions on following recommendations from FOD and OCC employees The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1586-1587 | Email thread 2/14/17 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client |

| | | | | |
|---|---|---|---|---|
| | | | | privilege. This information concerns pre-decisional deliberations about specific SIJ adjudications. The deliberative material is a recommendation from a FOD employee to the decision maker on the specific issue. The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures. All other information on this pages was segregated and released. |
| 1588 | Email thread 1/30/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations about specific SIJ adjudications. The withheld material concerns deliberations about the issue prior to FOD making a final decision on the matter. The information also contains confidential information provided between OCC and the |

| | | | | |
|---|---|---|---|---|
| | | | | National Benefits Center (a component of the Field Office Directorate) for the purpose of legal advice regarding issues on specific SIJ petitions before the agency.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1589-1591 | Email thread 1/30/18 | WIF | 5,6 | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications. The withheld material concerns deliberations about the issue prior to FOD making a final decision on the matter. The information also contains confidential information provided between OCC and the National Benefits Center (a component of the Field Office Directorate) for the purpose of legal advice regarding issues on specific SIJ petitions before the agency.  The foreseeable harm in releasing this information is that it would chill the USCIS in making |

| | | | | |
|---|---|---|---|---|
| | | | | recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1592 | Email thread 1/30/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications. The withheld material concerns deliberations about the issue prior to FOD making a final decision on the matter.  The information also contains confidential information provided between OCC and the National Benefits Center (a component of the Field Office Directorate) for the purpose of legal advice regarding issues on specific SIJ petitions before the agency.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns.  Additionally, the release of non-final recommendations would harm the Agency's |

| | | | | |
|---|---|---|---|---|
| | | | | overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1593-1594 | Email thread 3/23/17 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications. The material contains recommendations from OCC to FOD on its adjudications.  The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1595 | Email thread 3/23/17 | WIF | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications. The material contains |

| | | | | recommendations from OCC to FOD on its adjudications. The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  There is no segregable information. |
|---|---|---|---|---|
| 1596-1598 | Email thread 3/23/17 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations about specific SIJ adjudications. The material contains recommendations from OCC to FOD on its adjudications.  The information also contains confidential information provided to and from the OCC for the purpose of legal advice regarding specific SIJ petitions in state court in which competent jurisdiction was not established.  The foreseeable harm in releasing |

| | | | | |
|---|---|---|---|---|
| | | | | this information is that it would chill the USCIS in making recommendations and asking for and providing legal advice to employees and would also potentially confuse the public by releasing non-final recommendations on specific fact patterns. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this pages was segregated and released. |
| 1599 | Email thread 12/30/16 | RIP | 5 | Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege.  This information concerns pre-decisional deliberations concerning guidance about the SIJ process and New York State Guardianship Orders that will be decided by FOD. The information also contains confidential information between the National Benefits Center and the OCC for the purpose of legal advice.  The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in providing guidance and would confuse the public by releasing non-final recommendations on such guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures, and would chill divisions from getting legal advice from OCC.  All other information on this pages was segregated and released. |

| 1600-1602 | Email thread 12/30/16 | RIP | 5,6 | | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the deliberative process privilege and the attorney-client privilege. This information concerns pre-decisional deliberations concerning guidance about the SIJ process and New York State Guardianship Orders that will be decided by FOD. The information also contains confidential information between the National Benefits Center and the OCC for the purpose of legal advice regarding the New York State Guardianship Orders. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in providing guidance and would confuse the public by releasing non-final recommendations on such guidance. Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures, and would chill divisions from getting legal advice from OCC. All other information on this pages was segregated and released. |
| 1603 | Email thread 4/9/18 | RIP | 5,6 | | Exemption 6 is not being challenged for this document. Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege and attorney work product doctrine. The information contains confidential information provided to the OCC from its clients for the purpose of legal advice. It also |

*CATHOLIC LEGAL IMMIGRATION NETWORK, INC. et. al. v. USCIS*                    VAUGHN INDEX
Case No. 8-19-cv-01074-PJM (D. MD)

| | | | | |
|---|---|---|---|---|
| | | | | contains communications to OCC attorneys in anticipation of litigation matters before USCIS. The foreseeable harm in releasing this information is that it would chill the USCIS OCC in making providing guidance to its components and other OCC staff. Additionally, the release of communications on ongoing litigation matters would harm the Agency's overall process in matters it is involved in before various Courts.  All other information on this pages was segregated and released. |
| 1604-1610 | Policy Memo 6/25/15 | RIF | | |
| 1611-1617 | Policy Memo 7/13/11 | RIF | | |
| 1618-1622 | Policy Memo 4/4/11 | RIF | | |
| 1623-1626 | Response 4/19/16 | RIF | | |
| 1627 | Email thread 2/26/18 | RIP | 5,6 | Exemption 6 is not being challenged for this document.<br>Exemption 5 was used to withhold certain information pursuant to the attorney-client privilege.  The information also contains confidential information provided from OCC to the Field Office Directorate for the purpose of legal advice regarding child reunification. The foreseeable harm in releasing this information is that it would chill the USCIS in making recommendations in updating guidance and would confuse the public by releasing non-final recommendations on such |

| | | | | |
|---|---|---|---|---|
| | | | | guidance.  Additionally, the release of non-final recommendations would harm the Agency's overall process in updating policies and procedures.  All other information on this page was segregated and released. |
| 1628-1649 | Slides | RIF | | |
| 1650-1654 | Memo 3/24/09 | RIF | | |
| 1655-1658 | Information for Juvenile Courts | RIF | | |